IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 15-00052-002 |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF PROBATION CONDITIONS IN A FELONY CASE** |
| RODERICK Y. NGIRMEKUR, | |
| Defendant. | |

Pending before the court is a Petition for Offender Under Supervision and supporting declaration (collectively, the "Violation Petition"), filed on January 19, 2024, *see* ECF No. 174, alleging the Defendant violated his probation conditions as follows:

1. Failed to make payment toward restitution;
2. Failed to follow the instructions of the probation officer regarding his conditions of supervision;
3. Failed to submit monthly supervision reports for April - August 2023, October 2023 and December 2023;
4. Failed to report a change in employment; and
5. Failed to perform 100 hours of community service.

On March 5, 2024, the Defendant entered admissions to all the. *See* Mins., ECF No. 183. On April 23, 2024, the parties presented their respective argument on an appropriate sanction for the violations. *See* Mins., ECF No. 184. Having heard the parties' positions and reviewed the record herein, the court now issues this Report and Recommendation for the Chief Judge's consideration.

///

///

# BACKGROUND

## A.     Conviction and Sentence

On August 7, 2019, the Defendant was sentenced to three years of probation for the offense of Theft of Government Property, in violation of 18 U.S.C. § 641. *See* Judgment, ECF No. 127. He was ordered to pay a $100 special assessment fee and pay $19,932.50 in restitution, with restitution payments over the period of probation at a rate of not less than 10% of his monthly income, with interest to accrue. *See* J. at 5-6, ECF No. 127. Among various conditions of probation imposed, the Defendant was ordered to comply with standard conditions of supervision, to include reporting to the probation office as instructed and notifying the probation officer at least 10 days prior to any change in residence or employment. *Id.* at 3. Finally, the Defendant was ordered to perform 50 hours of community service if he was not gainfully employed.

## B.     Post-Conviction Conduct

On March 11, 2020, the Defendant's probation conditions were modified to include an additional 50 hours of community service (for a total of 100 hours) as a sanction for failing to submit two monthly supervision reports (December 2019 and January 2020). *See* Order, ECF No. 148. The probation officer noted that the Defendant was instructed to begin performing the original 50 hours of community imposed since he was not employed and to begin a search for employment. *Id.*

On January 20, 2023, the Chief Judge extended the Defendant's probation term by 18 months – until February 6, 2024, following his admissions to having violated his probation conditions, including failure to make payments toward his criminal monetary obligations, failing to submit monthly supervision reports, failing to follow the probation officer's instructions, and failing to report a change in employment. *See* Am. J., ECF No. 167, and Report and Recomm., ECF No. 161.

# CURRENT VIOLATIONS

## A.     Filing of Violation Petition

On January 19, 2024, the probation officer filed the instant Violation Petition, along with a supporting declaration and a violation worksheet, *see* ECF No. 174, alleging the Defendant violated his probation conditions as follows:

///

<u>Non-payment of restitution</u> and <u>Failure to follow instructions of probation officer</u>

On March 12, 2023, the Defendant informed the probation officer that he would start work in the next day or two, so the probation officer reminded the Defendant about his obligation to pay 10% of his gross monthly salary toward his restitution amount.

On May 5, 2023, the probation officer conducted a home visit and inquired about the Defendant's restitution payments. The Defendant stated he would begin making payments the following week.

On August 25, 2023, the probation officer conducted another home visit, but the Defendant was not home. The probation officer spoke with the Defendant's sister, Ruby, and asked that she inform the Defendant to call his probation officer as soon as possible or report to the probation office. The Defendant failed to call or report as requested.

On September 7, 2023, the Defendant reported to the probation office and made a $20 payment toward restitution. He stated that he was placed on on-call status at work following Typhoon Mawar in May 2023.

The probation officer noted that the Defendant did not make any restitution payments from April through August 2023, and from October through December 2023.

On December 20, 2023, the probation officer conducted a home visit, but the Defendant was not home. The probation officer asked the Defendant's father, Ezra, to have the Defendant report to the probation office the following day, but the Defendant did not report as requested.

On December 29, 2023, the probation officer spoke with the Defendant's sister, Ruby, who stated that the Defendant was not available. Ruby said she would let the Defendant know he had to call the probation officer, but the Defendant never called.

<u>Failure to submit monthly reports</u>

Following the disposition hearing with the Chief Judge on January 20, 2023, the Defendant was instructed to submit a monthly supervision report during the first five days of each month.

The Defendant failed to submit a monthly supervision report for the months of April through August 2023, October 2023 and December 2023.

///

<u>Failure to notify probation officer of change to employment</u>

When the Defendant reported to the probation office on September 7, 2023, he informed the probation officer that he had been placed on on-call status following the typhoon in May 2023. The Defendant failed to timely inform the probation officer of this change in employment status.

<u>Failure to perform community service</u>

On February 27, 2023, the probation officer instructed the Defendant to start performing his community service hours with the Dededo Mayor's Office. The Defendant failed to perform any community service hours.

At the request of the Probation Officer, on January 31, 2024, the court issued an Order directing that a summons issue for the Defendant to appear on February 6, 2024, to address the alleged violations. *See* Order, ECF No. 176.

**B.   Initial Appearance**

On February 6, 2024, the case came before the court, but the Defendant had not been served with the summons, although the probation officer noted that he informed the Defendant about the hearing. *See* Mins., ECF No. 178. Without objection, the court continued the matter to February 20, 2024, and ordered that a new summons be issued.

On February 20, 2024, the Defendant appeared before the court, and the court appointed the Federal Public Defender to represent him. *See* Am. Mins., ECF No. 185. At the request of defense counsel, the court continued the answering to March 5, 2024.

**C.   Admissions**

On March 5, 2024, the Defendant appeared before the court and entered admissions to all the allegations. *See* Mins., ECF No. 183. Defense counsel also raised due process concerns with regard to the second allegation regarding the failure to follow the probation officer's instructions. She asserted that while the probation officer may have left messages with the Defendant's father or sister to contact the probation officer or report to the probation office, the Defendant claimed he never received the messages or the messages were relayed to him late so he could not report to the office. She explained that after Typhoon Mawar struck Guam, the Defendant was placed on on-call status at work, so he began staying with his cousin to do odd jobs since he could get picked up from there.

She said he would only get the late messages left with family when he returned home. Ms. Kottke also said that the Defendant's father's home has no phone or internet services. With regard to completing his community service, counsel stated that the Defendant has limited transportation options, but he is looking at obtaining bus passes. Ms. Kottke reported that the Defendant is currently working for a construction company and was on-call but he has no real ability to get calls. The probation officer stated that the Defendant last made a payment of $20 in September 2023. The court stated that if the Defendant is working at least three days a week, that is "regular employment" such that he should be making payments toward his restitution obligation. Additionally, the court stated that there is no due process issue since the allegations regarding the failure to follow the probation officer's instructions concerned the instruction to make restitution payments, which was conveyed directly to the Defendant, not through his family members. The court set arguments on disposition for April 23, 2023, and stated that Defendant would have about 45 days to make a record of compliance.

On April 23, 2024, the parties returned before the court and presented their respective positions on an appropriate sanction for the violations. *See* Mins., ECF No. 184. Defendant was allowed to remain on release pending the final disposition hearing.

**LEGAL STANDARD**

Pursuant to 18 U.S.C. § 3565(a), if a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable – (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant. 18 U.S.C. § 3565(a). A court may revoke probation if it finds by a preponderance of the evidence that the defendant violated a conditions of probation. Revocation is mandatory if a defendant refuses to comply with drug testing. 18 U.S.C. § 3565(b)(3).

**PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED**

The Amended Violation Worksheet notes that the allegations are Grade C violations, with a guidelines range of 3-9 months' imprisonment, based on the Defendant's criminal history category

of I, followed by 36 months of supervised release. *See* Violation Worksheet at ¶¶7-10 and 13, ECF No. 174-2.

The probation officer recommended that the court revoke the Defendant's probation term, sentence him to serve 24 hours of imprisonment and serve two years of supervised release. The probation officer noted that while the Defendant has made progress in performing the 100 hours of community service imposed, he still has more than half remaining and paid $40 toward his restitution balance.

The government concurred in the probation officer's recommendation and suggested that the court hold the jail sanction in abeyance.

Defense counsel argued that revocation was unnecessary because the Defendant has shown that he's taking his obligations seriously. Ms. Kottke stated that since the last hearing, the Defendant completed 41 hours of community service. She also informed the court that the Defendant was working with his cousin, with his most recent job in house cleaning, and he was hopeful it may turn into full-time employment. Counsel argued that incarceration was not appropriate because the Defendant fell out of compliance mostly because of his poverty. He had no access to a car or phone, and things were very difficult for him, especially after the typhoon. Ms. Kottke stated that a modification to impose more community service may be appropriate, but she asserted that a stern admonishment and continued progress hearings should be sufficient under the circumstances, particularly because the Defendant is not causing any problems nor is he abusing drug or alcohol.

This is the Defendant's second revocation proceeding. The Defendant was given an opportunity to complete his community service and make payments toward restitution the last time he appeared before the Chief Judge, when she extended his probation term by 18 months. Because he is currently unemployed or at least not working full-time, he should have been able to complete most, if not all, the community service imposed since March 2020, but he still has 59 hours remaining. The Defendant's claim that poverty prevents him from complying is just not credible. The probation officer has given the Defendant bus passes so he can complete his community service with the mayor's office. Additionally, his poverty does not preclude him from submitting his monthly supervision reports and from informing the probation officer of a change in employment.

The Defendant needs to take his compliance seriously and stop taking advantage of the earlier chances the court has given him. In light of the record before it, the court finds that the probation officer's recommendation of 24 hours in detention to be reasonable and not greater than necessary to punish the violations and deter future violations.

**RECOMMENDATION BY MAGISTRATE JUDGE**

Having considered the above factors, the undersigned recommends the District Judge (1) accept the Defendant's admissions to the violations, (2) revoke the Defendant's probation term and (3) sentence him to 24 hours' imprisonment followed by 12 months of supervised release.

A disposition hearing shall be held on May 9, 2024, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Apr 24, 2024

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**